UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20110-CR-MGC

UNITED STATES OF AMERICA

v.

JESUS YSIDRO HERNANDEZ,

    **Defendant.**

_____/

**FACTUAL PROFFER**

    The United States of America and Jesus Ysidro Hernandez ("Defendant" or "HERNANDEZ") agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

    Beginning in or around at least December 2015 and continuing through in or around at least January 2020, in Miami-Dade County, in the Southern District of Florida, and elsewhere, HERNANDEZ knowingly and willfully combined, conspired, confederated, and agreed with others, to commit health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1349. Specifically, HERNANDEZ conspired with others, to submit, via interstate wire, false and fraudulent claims to a health care benefit program.

    American Airlines, A&T, Coca Cola, Archer Western Construction, OHL Community Asphalt, Lewis Tree Service, and Comcast, among others ("the Companies"), offered Administrative Services Only ("ASO") insurance plans to their employees. These employers contracted with the insurance companies Blue Cross Blue Shield ("BCBS"), United Healthcare ("United"), Aetna ("Aetna"), and Cigna ("Cigna," collectively "the Insurance Companies") to

handle the administrative tasks such as billing, claims handling, and claims payment with respect to claims submitted on behalf of their employees. These ASO insurance plans reimbursed BCBS, United, Aetna, and Cigna for the money the insurance companies paid out for health benefits for their respective employees. As such, the employers acted in a self-insured role, which means that they were financially responsible for any claim payments to their employees. The ASO insurance plans offered by the Companies and managed by BCBS, United, Aetna, and Cigna were health care benefit programs, as defined in Title 18, United States Code, Section 24(b).

United Medical of South Florida, d/b/a Sleep Study of South Florida, Inc. ("Sleep Study"), was a Florida corporation, located at 14750 SW 26th Street, Suite 213, Miami, Florida 33185. Sleep Study was a medical clinic that purportedly provided commercial private insurance beneficiaries with various medical treatments and services, including sleep studies, durable medical equipment, and physical therapy, among others. HERNANDEZ and his co-conspirators paid kickbacks to beneficiaries with insurance plans managed by the Insurance Companies in exchange for allowing Sleep Study to bill for medical benefits, items, and services that were not medically necessary, not eligible for reimbursement, and not received by the beneficiaries. In furtherance of the fraud scheme, Sleep Study submitted the fraudulent claims via interstate wire communications.

At all relevant times, HERNANDEZ was married to co-defendant Edeini Borges, the registered agent and President of Sleep Study. HERNANDEZ managed Sleep Study and recruited beneficiaries and managed other beneficiary-recruiters in order to facilitate Sleep Study billing the Insurance Companies as described above. HERNANDEZ made kickback payments to beneficiaries and beneficiary-recruiters via checks and cash.

The Parties agree that the intended loss during the relevant period is in the range of $25,000,000 through $65,000,000, and that HERNANDEZ, through Sleep Study, knowingly and willfully submitted and caused the submission of claims for reimbursement, which falsely and fraudulently represented that various health care benefits, items, and services were medically necessary, prescribed by a doctor, and had been provided by Sleep Study to insurance beneficiaries. As a result of such false and fraudulent claims, the Insurance Companies made payments to the corporate bank accounts of Sleep Study in the amount of at least $9,606,883

The above-detailed facts are corroborated by, among other things, insurance claims and billing data, bank records, and business records, as well as information obtained through cooperating co-conspirators and other witnesses.

The information contained in this proffer is not a complete recitation of all the facts and circumstances of this case, but the parties admit it is sufficient to prove beyond a reasonable doubt a violation of Title 18, United States Code, Section 1349, that, is, Conspiracy to Commit Health Care Fraud and Wire Fraud, as charged in the Indictment.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: 4·5·22        By: _____
                    LINDSEY LAZOPOULOS FRIEDMAN
                    ASSISTANT UNITED STATES ATTORNEY

Date: 4/5/22        By: _____
                    JOAQUIN PEREZ
                    ATTORNEY FOR DEFENDANT

Date: 4/5/22        By: _____
                    JESUS YSIDRO HERNANDEZ
                    DEFENDANT